UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

                                          Criminal Case No.:
                                          6:20-CR-34-ORL-41EJK

CARL FAREY

_____/

## DEFENDANT'S SENTENCING MEMORANDUM

Carl Farey, by and through his undersigned attorney, respectfully submits his Sentencing Memorandum for this Honorable Court's consideration. Mr. Farey requests this Court to review the circumstances of his case pursuant to 18 U.S.C. § 3553 and impose a sentence below the guideline range.

### STATEMENT OF FACTS

1. Pursuant to a Plea Agreement the defendant pled guilty to Count 1 and 2 of an information. Count 1 and 2 charge the defendant with Aiding and Abetting Visa Fraud in violation of 18 U.S.C. § 1546 (a) and 18 U.S.C. § 2.

2. Mr. Farey's sentencing hearing is set before this Honorable Court on June 2, 2020 at 11:00 a.m.

3. The Presentence Report (PSR) calculates Mr. Farey's total offense level as a level 17 with a criminal history category I. This gives him a guideline range of 24-30 months BOP.

## MEMORANDUM OF LAW

### *Introduction*

This memorandum addresses the question of what the appropriate sentence for Mr. Farey is based on his conviction for these charges. As part of the analysis, this memorandum examines the issue of whether a variance is appropriate pursuant to 18 § 3553, notwithstanding the calculation of the sentence determined by the guidelines.

### I. *Booker and its Progeny Provides the Court with the Discretion to Impose a Sentence Below the Guideline Range*

A district court's discretion is no longer limited by the guidelines since its matrix is now considered merely advisory. *United States v. Booker* 543 U.S. 220, 245-67 (2005). Thus, a court is now unencumbered in its ability "to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." *Gall v. United States*, 552 U.S. 38, 53 (2007) (quoting *Koon v. United States,* 518 U.S. 81 (1996)). The use of the guidelines in other than an advisory function violates the defendant's Sixth Amendment Rights. *Booker,* 543 U.S. at 244-45 (Part Two, Breyer, J.).

Congress has identified four "purposes" of sentencing: punishment, deterrence, incapacitation, and rehabilitation. 18 U.S.C. § 3553(a)(2). To achieve these ends, § 3553(a) requires sentencing courts to consider not only the advisory Guidelines range, but also the facts of a specific case through the lens of seven factors. *Id.* § 3553(a)(1)-(7). In *United States v. Hunt*, 459 F.3d 1180 (11th Cir. 2006), the court summarized the factors that must be considered under § 3553(a), including:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed--
>    (A) to reflect the seriousness of the offense, to promote respect for the law,

2

>    and to provide just punishment for the offense;
>    (B) to afford adequate deterrence to criminal conduct;
>    (C) to protect the public from further crimes of the defendant; and
>  (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established . . .;
> (5) any pertinent [Sentencing Commission] policy statement . . .;
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

## II. *An Examination of the § 3553 Factors Establishes that a variance is Warranted in this case*

The following sections analyze the § 3553 factors against the factual backdrop of Mr. Farey's case.

### 1. The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant

*A.   The Nature and Circumstances of the Offense*

Mr. Farey would prepare paperwork for people and add fictitious employees so they would meet certain criteria to be able to operate and remain in the United States. The participants were fully aware of this and, they would be the ones who mailed in the applications.

*B. The History and Characteristic of the Defendant.*

Mr. Farey is a 55-year-old man who has never been arrested before until this case. He is married and is a stepfather to three children, ages 22, 18 and 16. Mr. Farey is from England, his entire family other than his wife are in England. He plans to return once this case is resolved and has no intention of ever returning to the United States.

*C. The Defendant's Physical Issues and age.*

Mr. Farey has a host of physical issues. He has diabetes, which he takes medication for. He also has anti thrombin 3 deficiency which is a blood disorder that makes him a thrombophiliac,

3

which causes his blood to clot and can cause embolisms in his body, including lungs, heart and brain. He also takes medications for this.

Additionally, Mr. Farey has AFIB Atrial Fibrillation. This heart condition can lead to heart attacks, strokes, and blood clots. He takes numerous medications for this.

Mr. Farey also suffers from high cholesterol which he takes medication for. He has hypertension which he takes medication for as well.

Mr. Farey has to get his blood sugars and is INR readings taken daily and weekly. Due to the stress of this case Mr. Farey has been feeling tight chested and is worried about his health inside of prison.

Mr. Fareys age also puts him at higher risk of serious health complications from COVID-19.

All of Mr. Farey's medical conditions each of which put him at increased risk of death or serious complications from the coronavirus (COVID-19). The hospitalization and death rate for COVID-19 increases with age,[1] and "those at high-risk for severe illness from COVID- 19" are "[p]eople who have serious heart conditions," "diabetes," [2] and "hypertension."[3] These co-morbidities raise Mr. Farey's risk of serious illness and death from COVID-19.

---

[1] World Health Organization (WHO), *Coronavirus disease 2019 (COVID-19) Situation Report – 51* at 2, https://www.who.int/docs/default-source/coronaviruse/situation-reports/20200311-sitrep-51-covid-19.pdf?sfvrsn=1ba62e57_8.

[2] *See* CDC, *Groups at Higher Risk for Severe Illness*, CDC https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html.

[3] WHO, *Report of the WHO-China Joint Mission on Coronavirus Disease 2019 (COVID-19)* at 12, https://www.who.int/docs/default-source/coronaviruse/who-china-joint-mission-on-covid-19-final-report.pdf.

The rate of inmates in the BOP testing positive for COVID-19 continues to rise (See "Exhibit A").

According to §5H1.4. Physical Condition, etc (Policy Statement), physical condition or appearance, including physique may be relevant in determining whether a departure is warranted, if the condition or appearance, individually or in combination with other offender characteristics, is presented to an unusual degree, and distinguishes the case from the typical cases covered by the guidelines.

Mr. Farey is 55 years old.  The rate of recidivism for a non-violent crime at his age is extremely low.  According to the United State Sentencing Commission Older offenders were substantially less likely than younger offenders to recidivate following release. Over an eight-year follow-up period, 13.4 percent of offenders age 65 or older at the time of release were rearrested compared to 67.6 percent of offenders younger than age 21 at the time of release. The pattern was consistent across age groupings, and recidivism measured by rearrest, reconviction, and reincarceration declined as age increased.

*D. The Defendant is being deported.*

Mr. Farey as part of his plea agreement agrees to Judicial deportation.  He has no remedy to stay in this county once he is sentenced.  Agent Johnson told undersigned counsel that if Mr. Farey remained out of custody after sentenced that he would allow Mr. Farey to self deport.  This would save the government the cost of housing Mr. Farey and then after his incarceration, paying for his safe travels back to the United Kingdom.  Mr. Farey has no reason to return to the United States after removal.  His entire family are in the United Kingdom and other countries overseas.  Mr. Farey was in the process of leaving prior to his arrest on these charges.  His wife wanted to return home since that his where her children are living.

5

*E. The Defendant's cooperation.*

Mr. Farey meet with the AUSA and federal investigators and went over his case in great details, filling in a lot of blanks and saving them hours of manpower in the process. He also provided information about multiple individuals involved in similar fraud and other immigration related crimes. Mr. Farey was completely forthcoming about his own involvement and that of others. Unfortunately, due to the complexity of these investigations, there would not be time for an arrest and prosecution prior to Mr. Farey's sentencing. However, he did provide a lot of useful information that could lead to multiple arrests and prosecutions in the future. Mr. Farey is more than willing to continue cooperating if needed.

## CONCLUSION

In conclusion, Mr. Farey has a plethora of physical issues that will make him suspectable to contracting COVID-19 or just declining health, which will also impose a financial burden on the prison to have to care for his medical needs. Mr. Farey is 55 years old and has no criminal history; this is a non-violent crime and the likelihood of recidivism is low. He cooperated fully with the US Attorney's Office and HIS in this investigation and prosecution. He is being deported back to the United Kingdom and has a supportive family back home. We would respectfully ask the court to impose a sentence of time served.

Respectfully submitted,

/s/ Corey Cohen, Esq.
Law Office of Corey Cohen P.A.
Florida Bar No. 0657840
605 E. Robinson St. Suite 330
Orlando, Florida 32801

corey@coreycohen.com<br>Telephone: 407-246-0066

## CERTIFICATE OF SERVICE

Hereby certify that a true and correct copy of the foregoing has been electronically filed with the Clerk of Court(CM/ECF) on this 6 day of May, 2020 by using the CM/ECF system, which will send a notice of electronic filing to the Assistant United States Attorney.

/s/ Corey Cohen, Esq.
Law Office of Corey Cohen P.A.
Florida Bar No. 0657840
605 E. Robinson St. Suite 330
Orlando, Florida 32801
corey@coreycohen.com
Telephone: 407-246-0066