UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA


UNITED STATES OF AMERICA

                                                Criminal Case No.:
                                                6:20-CR-34-ORL-41EJK

CARL FAREY

_____/

## **DEFENDANT'S SUPPLEMENT TO THE SENTENCING MEMORANDUM**

      Carl Farey, by and through his undersigned attorney, respectfully submits his Supplement to the Sentencing Memorandum for this Honorable Court's consideration.

## **ARGUMENT**

      The purpose of this suppliement is to address the potential sentencing disparity in this case when looking at the case of *United States v Marvin Smith 2018-cr-81-Orl-41GJK*.   In the case of Marvin Smith, the probation office recommended a year in prison and the defendant was ultimately sentenced to 10 months in prison by the Court.  In Mr. Farey's case, probation recommended probation with time served.   The Court requested counsel to advise what the differences in conduct of the two men charged with the same offense, yet different recommended sentences may be to avoid sentencing disparities.

      Mr. Smith was applying for visas and recruiting people to come and work for him by lying to them and misleading the individual as to what they would be doing in the United States.  He has the individuals working at a low wage, low enough where they were replacing the need for citizens and people authorized to work in the United States to fill these positions.

1

It appears many, if not all, of the workers Mr. Smith brought over did not have a legal right to be here and could have found themselves at the center of a criminal prosecution themselves. *On page 13 line 4-9 of the sentencing transcripts under document 64 from case 18-cr-0081-CEM-GJK,* Mr. Bayless, the AUSA states:

"Every single one of the individuals that Mr. Smith brought to the United States, at least 310 people, were not supposed to be here. They didn't have a legal right to be here. So if they had done that on their own, they would all be illegal entries."

Mr. Bayless further states on same page line 17-20, "But when you're taking $2 off of everybody's hourly wage and you have 300 workers in the United States who aren't supposed to be here, that is the illegality. That is the harm in this action."

It appears Mr. Smith went to Jamaica to recruit people. Mr. Smith illegally brought people into the United States. Mr. Farey did not bring anyone here, everyone he worked with was already here and had been through the visa process and its securities process. Mr. Farey was helping them apply for changes of status and status extensions. Everyone that Mr. Farey worked with had invested money into the United States and were not taking away jobs from American workers. If anything, these companies would create jobs.

Mr. Smith submitted over 300 applications; Mr. Farey did not submit any applications. He helped individuals prepare the petitions and those individuals ultimately submitted them to the government. Mr. Farey assisted in 116 petitions, and out of these petitions, 36 status changes were approved. So, the sheer number of Mr. Smith applications is another factor that distinguishes their conduct.

Everyone that Mr. Farey worked with submitted their own applications, and knew exactly what was going on, that is why they went to him. I do not know if the individuals that Mr. Smith

brought over had any knowledge of what he was submitting on their behalf.

Another big difference is that Mr. Farey is not a United States citizen and will be deported because of the Judicial removal portion of the plea. Mr. Farey has family here and loves this country. He was in the process of becoming a citizen before this happened. That is a major consequence that Mr. Smith did not have to face.

Lastly, Mr. Farey is a decade older than Mr. Smith and has a host of serious medical issues. When Mr. Smith was sentenced, there was no indication of medical issues and we did not have this threat of COVID19, which is infecting and killing inmates in the BOP at an alarming rate. Mr. Farey, if given time served and probation, will self-deport immediately and not be allowed to return to the United States.

Probation, when making a recommendation, looks at all the factors involved in making this determination, not just the guidelines. While the guidelines of the two men are the same, the conduct of Mr. Smith was very different and significantly more harmful to both the people he brought over as well as the American people.

                                            Respectfully submitted,

                                            /s/ Corey Cohen, Esq.
                                            Law Office of Corey Cohen P.A.
                                            Florida Bar No. 0657840
                                            605 E. Robinson St. Suite 330
                                            Orlando, Florida 32801
                                            corey@coreycohen.com
                                            Telephone: 407-246-0066

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been electronically filed with the Clerk of Court (CM/ECF) on 10 day of June 2020 by using the CM/ECF system, which will send a notice of electronic filing to the Assistant United States Attorney.

/s/ Corey Cohen, Esq.
Law Office of Corey Cohen P.A.
Florida Bar No. 0657840
605 E. Robinson St. Suite 330
Orlando, Florida 32801
corey@coreycohen.com
Telephone: 407-246-0066