**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

United States of America,

v.  Case No.: 6:20-cr-00034-Orl-41EJK

Carl Farey.

_____/

**UNOPPOSED MOTION OF CARL FAREY TO AMEND PETITION FOR COMPASSIONATE RELEASE AND TO FILE CERTAIN EXHIBITS IN SUPPORT OF AMENDED PETITION UNDER SEAL WITH INCORPORATED MEMORANDUM OF LAW**

Pursuant to Local Rule 3.01, Defendant Carl Farey (Farey or Movant), by and through his undersigned counsel, hereby files this Unopposed Motion to Amend Petition for Compassionate Release and to File Exhibits in Support of the Amended Petition Under Seal. As grounds for this Motion, Farey states as follows:

1. On November 30, 2020, Farey filed a pro se Memorandum to Court re: Health Concerns of Defendant and Seeking Clarity of Filing a Motion for Compassionate Release with supporting Exhibits (Motion for Compassionate Release) (Docs. 45 to 45-6).

2. On December 1, 2020, the Court Ordered the United States to respond to the Motion for Compassionate Release on or before December 8, 2020 (Doc. 46). The United States filed its response on December 4, 2020 (Doc. 49).

3. Movant is represented by counsel and seeks to file an Amended Petition for Compassionate Release and supporting Exhibits (Amended Petition). The Amended Petition information will assist the Court by providing important information concerning

Farey's medical conditions and needs, the exhaustion of Movant's administrative remedies, and an expert opinion concerning his medical conditions and needs. This request will not prejudice any party, is made in good faith, and for good cause. The Amended Petition will assist the Court in resolving the complex issues raised in the request for relief pursuant to 18 U.S.C. § 3582(c)(1)(A).

    4.    Movant respectfully also seeks to file three Exhibits in support of the Amended Petition under seal. One Exhibit contains select information from Farey's personal and confidential medical information from the Federal Bureau of Prisons, specifically information concerning his medical conditions and certain medical events and treatment. This medical information is protected from public disclosure pursuant to the Health Insurance Portability and Accountability Act of 1996 (HIPAA). The second Exhibit is the medical information submitted to the Warden at Federal Correctional Institution Terminal Island in support of Farey's request for compassionate release. The third Exhibit is an expert opinion in support of the Amended Petition for Compassionate Release which also includes Farey's confidential medical information.

    5.    Pursuant to Local Rule 1.09, filing these two Exhibits under seal is necessary to protect Farey's private and confidential personal medical information. This information is necessary for the Court's consideration of the Amended Petition for Compassionate Release and there is no other method available to protect and preserve Farey's privacy interests. Farey only requests that the information be retained under seal until the Amended Petition is resolved by the Court and any time for appeal has elapsed.

**Rule 3.01(g) Statement**

Undersigned counsel hereby certifies that, pursuant to Local Rule 3.01(g), Movant's counsel conferred by telephone on December 8, 2020, with counsel for the United States of America, Maria Chapa Lopez, and the United States does not oppose this Motion.

WHEREFORE, Movant respectfully requests that this Court enter an Order granting the Motion to File Amended Petition for Compassionate Release and to File Certain Exhibits in Support of the Amended Petition Under Seal.

**MEMORANDUM OF LAW**

Rule 15(a) of the Federal Rules of Civil Procedure establishes that "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served." Thereafter, a party may amend its pleading only upon leave of court or by obtaining written consent of the opposing party. *See id.* The rule provides that "leave shall be freely given when justice so requires." *Id.* As a result, there must be a substantial reason to deny a motion to amend. *See Halliburton & Assoc. v. Henderson, Few & Co.,* 774 F.2d 441 (11th Cir.1985). Substantial reasons justifying a denial include "undue delay, bad faith, dilatory motive on the part of the movant, ... undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Maynard v. Bd. of Regents of the Div. of Univers. of the Fla. Dep't of Educ. ex rel. Univ. of S. Fla.*, 342 F.3d 1281, 1287 (11th Cir. 2003). Farey should be permitted to amend the Petition for

Case 6:20-cr-00034-CEM-EJK   Document 51   Filed 12/08/20   Page 4 of 6 PageID 464

Compassionate Release in the interests of justice, because no reason justifying denial of the request to amend is present here, and the Motion is unopposed.

In addition, the Court possesses the inherent power to seal all or part of its records. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) ("Every court has supervisory power over its own records and files."). In evaluating a motion to seal, courts balance a party's interest in keeping the information confidential against the public interest in accessing court documents. *See Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2005); *see also Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1314-15 (11th Cir. 2001). Courts generally consider whether allowing access would impair court functions or harm legitimate privacy interests, the degree and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents. *Romero*, 480 F.3d at 1246; *see also Medai, Inc. v. Quantros, Inc.*, No. 6:12-cv-840-Orl-37GJK, 2012 WL 2512007, at *2 (M.D. Fla. June 29, 2012).

Since the information at issue is private health information and because redactions would impair the Court's ability to analyze and evaluate the document in support of Amended Petition for Compassionate Release, Farey submits that sealing these three Exhibits is appropriate and warranted.

4

## **Conclusion**

Based on the foregoing reasons, the Court should grant Farey's Motion to File Amended Petition for Compassionate Release and to File Certain Exhibits in Support of the Amended Petition Under Seal.

        Respectfully submitted,

        /s/ Alexis Alvarez
        Fla. Bar No.: 120069
        Florida Legal Services
        P.O. Box 533986
        Orlando, FL 32853
        (407) 553-2075 (direct)
        (407) 505-7327 (fax)
        alexis.alvarez@floridalegal.org

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 8, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ Alexis Alvarez
Fla. Bar No.: 120069
Attorney for Defendant